IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM TROY HAMPTON, JR., | ) |
| Plaintiff, | ) ) ) |
| | ) NO. 3:23-cv-00725 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DICKSON COUNTY SHERIFF'S OFFICE,[1] | ) ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Adam Troy Hampton, Jr., an inmate of the Dickson County Jail in Dickson, Tennessee, has filed this pro se action under 42 U.S.C. § 1983 against the Dickson County Sheriff's Office, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also has filed a Motion to Subpoena Parties (Doc. No. 2) and an Application for Leave to Proceed In Forma Pauperis (Doc. No. 8).

I.  **Application for Leave to Proceed In Forma Pauperis**

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 8) is **GRANTED**.

---

[1] This Defendant was entered on the docket as "Dickson County Sheriff," but a review of the complaint shows that Plaintiff listed the "Dickson County Sheriff Office" as the sole named Defendant. (Doc. No. 1). Therefore, the Clerk is **DIRECTED** to change the sole named Defendant to "Dickson County Sheriff's Office," as noted herein.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Dickson County Jail to ensure that the custodian of Plaintiff's inmate

trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance thereof.

## II. Motion

Plaintiff's Motion to Subpoena Parties (Doc. No. 2) is premature. Thus, the motion is **DENIED WITHOUT PREJUDICE** to renew, if and when appropriate.

## III. PLRA Screening of the Complaint

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted

by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B.  Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. Alleged Facts

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

Plaintiff was born with Vaters Syndrome.[2] He has one kidney, no rectum, and scoliosis, and he is missing his "C1 in his neck so [he] experience[s] back pain all the time." (Doc. No. 1 at 1). He cannot control his bowels, which leads to "accidents." Plaintiff has made multiple requests for an extra mattress, which "medical" has denied. (*Id*. at 4).

Plaintiff was arrested in October 2023 and brought by Officer Mason Decoach to the Dickson County Jail. Plaintiff was placed in booking without access to an accessible toilet or

---

[2] Vaters syndrome "is typically defined by the presence of at least three of the following congenital malformations: vertebral defects, anal atresia, cardiac defects, tracheo-esophageal fistula, renal anomalies, and limb abnormalities. In addition to these core component features, patients may also have other congenital anomalies." https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3169446/ (last visited December 8, 2023).

shower. He had an accident and requested an accessible toilet and shower to clean up, but Sergeant Joseph Calhoun refused, making fun of Plaintiff and laughing at him. Plaintiff became so despondent that he threatened to kill himself at which time unspecified officers stripped Plaintiff and placed him in a "pickle suit (a suicide padded suit)." (*Id*. at 2). Plaintiff was held in the pickle suit for two or three days. Prior to being placed in the suit, Plaintiff was not permitted to wash the dried feces off him.

On April 12, 2023, Plaintiff was taken to court. Prior to transport, he asked to be provided with clean clothes and the opportunity to wash because of another accident. However, Officer Barry Salewkzy denied Plaintiff's request.

On April 13, 15, 16, and 17, 2023, Plaintiff experienced other accidents and had to wait several hours each time for a change of clothes, at times waiting in his underwear and eating meals in his underwear.

### D. Analysis

Plaintiff brings this action against a sole Defendant, the Dickson County Sheriff's Office. The "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) (collecting cases); *accord Campbell v. Cheatham Cty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824-25 & n.12 (M.D. Tenn. 2021) (Crenshaw, C.J.) (dismissing Section 1983 claim against sheriff's department as redundant of claim against county, and also noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022).[3] Thus, Plaintiff has not named a proper party to this lawsuit, and this action is subject to dismissal.

---

[3] The appeal in *Campbell* addressed only whether the deputy whose motion for summary judgment was denied was entitled to qualified immunity. To this Court's knowledge, the Sixth Circuit has never expressly held that sheriff's

However, considering Plaintiff is proceeding pro se and the serious nature of the allegations raised in the complaint, the Court finds it appropriate to permit Plaintiff an opportunity to amend his complaint to name the individual(s) or entity(ies) responsible for the conduct he describes in his complaint.

### III. Conclusion

The Court has screened the complaint pursuant to the PLRA and determines that it fails to state claims upon which relief can be granted under Section 1983 against the Dickson County Sheriff's Office. That Defendant, as detailed herein, is **DISMISSED**.

However, the Court permits Plaintiff the opportunity to amend his complaint to name the individual(s) or entity(ies) responsible for the conduct he describes in his complaint. If Plaintiff wishes to do so, he **MUST** file an amended complaint no later than 30 days after the date this Memorandum Opinion and Order was entered.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If Plaintiff fails to file an amended complaint after 30 days, this case will be dismissed.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

departments in Tennessee are not government entities capable of being sued, but it has suggested as much on several occasions, and it has confirmed that when a plaintiff erroneously sues "a non-juridical police department, the plaintiff often can easily fix this error by suing the city or county that operates the department." *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).